SUPREME COURT OF ERRORS, MAY TERM, A. D. 1791.

BARKER v. COIT ET AL., EXECUTORS OF JOSEPH COIT, DECEASED.

WRIT OF ERROR to reverse a judgment of the Superior Court, affirming a judgment of the City Court in Norwich, in denying an appeal in an action brought by said executors, against said Barker, on a note dated      wherein said Barker promised to paid said Joseph Coit, deceased, the sum of £ lawful money and interest.   Judgment of said City Court for the plaintiffs to recover.

The defendant moved for an appeal to the Superior Court; that although said note was for money only, and was witnessed by two subscribing witnesses; yet said Daniel Coit, a plaintiff was one of them, and so said note was not, nor could be vouched by two witnesses.   Judgment of the Superior Court was reversed, for the following reasons.

It appears from the record, that the note on which the original action was brought, was given for money only, and for a sum exceeding £20; that at the time of executing said note,  it was subscribed by Daniel Coit, and David Hubbard, who were then both competent witnesses; and at the time of trial Daniel Coit was not a competent witness, being one of the plaintiffs.   By the statute for directing and regulating of civil actions, it is enacted, "that all actions wherein the matter in demand, does not exceed the value of twenty pounds lawful money, and all actions brought on bond or note given for the payment of money or bills of credit only, vouched by two witnesses, etc. shall be heard and finally determined by the County Court."   And also by an act for incorporating a

part of the town of Norwich, it is enacted, "that an appeal shall be allowed to either party from the judgment and determination of said City Court, to the next Superior Court to be holden in the county of New London, in all cases in which an appeal is now, or hereafter by law shall be allowed from the County Courts." From all which the question will arise, whether the paragraph first recited requiring that a note should be vouched by two witnesses in order to bar an appeal, intends, two witnesses competent to testify at the time of executing the note, or at the time of trial on said note? That it intends the latter, is evident from the following considerations. First, the words of the statute seem to require this construction; the term witness in its strict legal sense, means one that gives evidence in a cause before a court; and the phrase vouched by witnesses, seems to import the same as testified by witnesses called into court, and in this sense, a note subscribed by two persons as and for witnesses, cannot be said to be vouched by two witnesses, until those persons are vouched, or called and do testify before the court respecting it. Secondly, the spirit of the statute requires this construction. For by barring an appeal when the note on which, etc. is given for money or bills of credit only, vouched by two witnesses, the law goes upon the ground, that justice may ordinarily be done between the parties, by a single trial, on account of some supposed advantage that might arise from the circumstance of the note's being vouched by two witnesses; but it is difficult to conceive what advantage can be derived in the trial of a cause from this circumstance, unless what results from the actual testimony of the witnesses; for the court by barely seeing the note to be signed by the names of two persons competent to testify at the time of signing, can never derive any knowledge of the facts that may be in issue, whether they relate to the authenticity of the note, or in general to the manner and circumstances of executing it. Nor can any presumption, that the law will regard, arise either for or against those facts simply from such signatures; and of course if they or either of them at the time of trial are incompetent to testify, his or their signature must be considered as if it had never been. It is

true indeed, that the persons signing as witnesses may them-selves be ignorant of the facts in issue above mentioned, and therefore no advantage can be derived from their testimony before the court; still the law goes upon the idea that the persons specially called to sign their names as witnesses, will generally be better acquainted with the circumstances of those facts, than any other persons could be supposed to be; and therefore the law as a general rule very properly requires their actual testimony before the court where the facts in issue, as to the circumstances under which the note was executed, de-mand proof; such testimony being the highest and best evi-dence that the nature of the case is usually capable of.